IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MARLON MANSON**                                                        **PLAINTIFF**

V.                                **CASE NO. 5:19-cv-05083**

**JAILER CARIS; JAILER VINSON;**
**JAILER ROLES; and JAILER OTTS**                              **DEFENDANTS**

## ORDER

Currently before the Court is Plaintiff's failure to obey a Court order and failure to prosecute this case. Plaintiff Marlon Manson proceeds in this matter *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint and Application to Proceed *In Forma Pauperis* ("IFP") on April 23, 2019. (Docs. 1, 2).

Also on April 23, 2019, this Court entered an Order granting Plaintiff's motion for IFP and directing Plaintiff to submit an amended complaint. (Doc. 3). Plaintiff was advised that "he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address." *Id.* Finally, according to the order, "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." *Id.*

On June 19, 2019, mail to the Plaintiff was returned to the Court marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (Doc. 10). Additional mail was returned to the Court on June 25, 2019, and July 19, 2019. (Docs. 11, 13). The Plaintiff has not provided a new address to the Court.

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's amended complaint (Doc. 6) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 13th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE